IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE APPLICATION OF CAMERON FINDLAY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | No. 1:23-mc-00005-UA-JLW |

**APPLICANT CAMERON FINDLAY'S RESPONSE TO MOTION BY NICHOLAS DEL ROSSO AND VITAL MANAGEMENT SERVICES FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING & REQUEST TO SET A BRIEFING SCHEDULE**

Applicant Cameron Findlay ("Applicant"), by and through undersigned counsel, submits this response to the Motion for Extension of Time to File Responsive Pleading & Request to Set a Briefing Schedule ("Motion for Extension") filed by Nicholas Del Rosso and Vital Management Services, Inc. ("Respondents") on April 13, 2023, and shows the Court the following:

1. Applicant filed his *ex parte* application under 28 U.S.C. § 1782(a) on February 24, 2023 ("Application").[1] The Application seeks leave for the issuance of two subpoenas, one to each of the Respondents.

2. On Monday, March 27, 2023, undersigned counsel received an e-mail from counsel for Respondents, who indicated that his clients would be opposing the Application

---

[1] As noted in the Application, requests under Section 1782 are often decided on an *ex parte* basis. *See* Memorandum of Law (Docket Entry 2) at 11 n.5.

-1-

and that he and his law-firm colleagues intended to file notices of appearance in the case and wished to "notify the Court of a mutually proposed briefing schedule" for Respondents' opposition. Counsel for Respondents asked that undersigned counsel "let us know when you are available to schedule a call this week to confer . . . ."

3. Undersigned counsel responded to this request on the morning of Wednesday, March 29, and suggested a call on Tuesday, April 4, 2023. Undersigned counsel received no response from Respondents' counsel to this attempt to schedule the call Respondents had requested.

4. Counsel for Respondents filed notices of appearance in this case later on March 29, 2023. Approximately two weeks later, on April 13, 2023, the current Motion for Extension was filed on behalf of Respondents. The Motion for Extension requests a briefing schedule whereby the brief containing the opposition of Mr. Del Rosso and Vital to the Application would be due on May 29, 2023 (45 days from the filing of the Motion for Extension) and Applicant's reply brief would be due "in accordance with the period provided by the Local Rules," *i.e.*, pursuant to Local Rule 7.3(h), 14 days from the opposition brief.

5. Applicant does not oppose providing Respondents an opportunity to argue against the granting of the Application. However, in response to Respondents' Motion for Extension, Applicant notes three points.

6. <u>First</u>, Respondents' Motion for Extension does not show consultation with opposing counsel and the views of opposing counsel, as required by Local Rule 6.1(a). Had Respondents' counsel met and conferred with the undersigned before filing the Motion for

-2-

Extension, there would have been an opportunity to reach agreement on a briefing schedule and reduce the burden on the Court.

7. <u>Second</u>, the relative time limits proposed in Respondents' motion – where Respondents would have until May 29, 2023 to file their brief (a date *three months* after the Application was filed, and *two months* after Respondents' counsel appeared in the case) but Applicant would only have 14 days to reply – is plainly one-sided. In fairness, and taking into account undersigned counsel's vacation travel from June 5 through June 16, 2023, Applicant requests a deadline for his reply brief of June 29, 2023.

8. <u>Third</u>, in light of the purpose of applications under 28 U.S.C. § 1782 (which, as discussed below, is to provide an efficient means of obtaining information), Applicant requests an instruction to Respondents that, in their Opposition to the Application, they include all of their arguments regarding the Application and requested subpoenas, including any argument that Respondents may make concerning a Magistrate Judge's authority to grant an application under 28 U.S.C. § 1782. The reason for this request is to avoid a situation where Respondents take multiple "bites at the apple," for example by making some arguments in an Opposition to the Application, and then, if the Application is granted, making new and different arguments in a Motion to Quash the applied-for subpoenas.

9. Respondents have shown in a similar 28 U.S.C. § 1782 proceeding before Magistrate Judge Auld – *In re: Karam Salah Al Din Awni Al Sadeq*, Case No. 1:21-mc-00006 – that they will pursue a Motion to Quash as a way of challenging an application under 28 U.S.C. § 1782, including on the basis that the Magistrate Judge lacked authority.

-3-

Case 1:23-mc-00005-UA-JLW   Document 9   Filed 04/28/23   Page 3 of 6

Respondents did so with a 32-page supporting Memorandum of Law. (In that case, after losing their Motion to Quash, Respondents objected to the Magistrate Judge's 97-page opinion deciding the issue. That objection is pending before District Judge William J. Osteen, Jr.)

10. Under 28 U.S.C. § 1782, the Court "should be guided by the statute's 'twin aims of providing *efficient means of assistance* to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (emphasis added) (quotation omitted). Permitting Respondents to use serial briefings to the Court, both in Opposition to the Application, and then in a Motion to Quash, would cut against this principle of efficiency and should be prevented.

11. Because of the breadth of the factual and legal arguments anticipated in Respondents' opposition, including but not limited to a challenge to the Magistrate Judge's authority to decide the Application, Applicant requests in addition that it receive the same 6,250 word limit for its reply brief as that permitted Respondents under Local Rule 7.3(d).

Applicant respectfully requests that the Court set May 29, 2023 and June 29, 2023 as the deadlines for briefing, permit Applicant the same word-limit as Respondents, and instruct Respondents to include all arguments related to the Application and the requested subpoenas in their Opposition. A proposed order is submitted herewith.

Respectfully submitted, this the 28th day of April, 2023.

                        /s/ Clay C. Wheeler
                        Clay C. Wheeler
                        State Bar No. 38713
                        KILPATRICK TOWNSEND & STOCKTON LLP
                        1001 West Fourth Street
                        Winston-Salem, NC  27101-2400
                        Telephone: (336) 607-7333
                        cwheeler@kilpatricktownsend.com

                        *Attorney for Applicant Cameron Findlay*

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2023, the foregoing Response to Motion for Extension of Time to File Responsive Pleading & Request to Set a Briefing Schedule was filed with the Clerk of Court using the CM/ECF system, which sends electronic notification of filing to the following:

Brandon S. Neuman
John E. Branch
Samuel Rosenthal
J. Matthew Gorga
NELSON MULLINS RILEY & SCARBOROUGH
brandon.neuman@nelsonmullins.com
john.branch@nelsonmullins.com
matt.gorga@nelsonmullins.com
sam.rosenthal@nelsonmullins.com

*Attorneys for Respondents*

/s/ Clay C. Wheeler
Clay C. Wheeler
State Bar No. 38713
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: (336) 607-7333
cwheeler@kilpatricktownsend.com

*Attorney for Applicant Cameron Findlay*